UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SHAWN D. HARRIS,

        Plaintiff,          Case No. 1:17-cv-242

v.          Honorable Paul L. Maloney

ROBERT COLOMBO, JR. et al.,

        Defendants.
_____/

## OPINION

This is an action brought by a state prisoner seeking relief from a state circuit court judge and his spouse and the Wayne County prosecutor and her spouse. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Plaintiff's allegations are precisely that: clearly irrational and wholly incredible. Plaintiff's action will be dismissed as frivolous.

**Factual Allegations**

Plaintiff alleges that he served Defendants with a criminal complaint and affidavit of obligation on November 14, 2016. (Compl., ECF No. 1, PageID.4, ¶ 15; Criminal Compl., ECF No. 1-2, PageID.17-27.) Defendants failed to respond.

On January 3, 2017, Plaintiff followed up with a notice of fault giving Defendants another ten days to rebut the facts in the affidavit of obligation. (Compl., ECF No. 1, PageID.4, ¶18; notice of fault, ECF No. 1-2, PageID.38-38.) Defendants again failed to respond.

Finally, Plaintiff served Defendants with a notice of default and certificate of dishonor/administrative judgment nihil dicit on January 25, 2017. (Compl., ECF No. 1, PageID.4, ¶ 20; notice of default, ECF No. 1-2, PageID.44-46.) Defendants, once again, failed to respond.

Having provided the Defendants three opportunities to make things right, and Defendants having failed to do so, Plaintiff contends he is entitled to judgment in the amount of $123,840,000.00.

Turning to the criminal complaint and affidavit of obligation referenced in the complaint, it appears that Plaintiff challenges the proceedings in Wayne County Circuit Court case 96-0998, the criminal prosecution that resulted in his incarceration two decades ago. (Criminal Compl., ECF No. 1-2, PageID.17-27.) None of the defendants participated in that prosecution (J. of Sentence, ECF No. 1-2, PageID.29); nonetheless, Plaintiff sues them because of their respective present leadership positions in the circuit court and the prosecutor's office. (Criminal Compl., ECF No. 1-2, PageID.17-27.) According to Plaintiff, Defendants are liable for failing to correct 35 specific rights violations that occurred during his criminal prosecution. (*Id*., PageID.18.) By way of the affidavit of obligation, Plaintiff offered Defendants the opportunity to release him or rebut

his claims. (*Id*., PageID.19.) Plaintiff argues that, having failed to respond, the Defendants have accepted liability. (*Id*.)

Sifting through all of the gibberish in Plaintiff's complaint, the single core fact that appears to give rise to all of the claimed liability is this: "Claimant was convicted in Respondents' court without any evidence of subject matter jurisdiction on the record of the court." (*Id*., PageID.22.) Among the damages Plaintiff seeks are $1,800,000.00 per day for his wrongful imprisonment. (*Id*., PageID.25.) Whatever the source and nature of the original wrong visited upon Plaintiff by these Defendants, Plaintiff comes to this Court seeking only one thing: recognition of the administrative process he has painstakingly pursued, a process that has yielded an "acknowledged" obligation of $123,840,000.00.

## Discussion

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff's complaint is patently frivolous. The issuance of Plaintiff's birth certificate did not create a fictitious legal entity simply by capitalizing Plaintiff's name, and it certainly did not turn such artificial person into an enemy of the state under the Emergency Banking Relief Act of

1933 or the Trading With the Enemy Act of 1917. (Compl., ECF No. 1, PageID.3, ¶¶ 7-8.) Moreover, Plaintiff cannot bind the Defendants to his fictitious notions and nonsensical procedural documents by demanding responses or rebuttals within 30 calendar days in the first instance or 10 calendar days for the later submissions. The courts repeatedly have rejected such "redemptionist and sovereign citizen" arguments as utterly frivolous. *See, e.g., Bey v. Butzbaugh*, No. 1:13-cv-1173, 2014 WL 5149931, at *4 (W.D. Mich. Oct. 14, 2014) (citing *Muhammad v. Smith*, No. 3:13–cv–760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases)). Accordingly, the Court will dismiss Plaintiff's action because it is frivolous.[1]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim and as patently frivolous pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

---

[1]To the extent that Plaintiff seeks release from incarceration, his claim also fails because it is not properly considered in this action. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   April 3, 2017              /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge